FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 12, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DON N. MARTIN, JR., <br><br>           Plaintiff, <br><br>v. <br><br>JUDGE RODRIGUEZ-TRUE, COMMISSIONER WRIGHT E, and KARINA GOMEZ, <br><br>           Defendants. | No. 1:25-CV-03132-MKD <br><br>ORDER DISMISSING ACTION <br><br>**ECF Nos. 2, 6** |

Before the Court is Plaintiff's *pro se* Complaint. ECF No. 1. A complaint filed by any party that seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) is subject to screening, and the Court must dismiss a complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants that are immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Further, "[f]ederal courts are always under an independent obligation to examine their own jurisdiction, and a federal

ORDER - 1

1  court may not entertain an action over which it has no jurisdiction." *Hernandez v.*
2  *Campbell*, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam) (cleaned up); *see* Fed. R.
3  Civ. P. 12(h)(3) (requiring the court to dismiss an action if subject matter
4  jurisdiction is lacking). Having reviewed Plaintiff's Complaint liberally, *see Capp*
5  *v. Cnty. of San Diego*, 940 F.3d 1046, 1052 (9th Cir. 2019), the Court concludes it
6  lacks subject matter jurisdiction over this action.

7     Plaintiff "seeks declaratory relief, injunctive relief, and damages to remedy
8  the unlawful deprivation of parental rights." ECF No. 1 at 1; *see also id.* at 5
9  (seeking to set aside state court orders). However, it is "well established" that
10 "federal courts should decline jurisdiction of cases concerning domestic relations
11 when the primary issue concerns the status of parent and child or husband and
12 wife." *Peterson v. Babbitt*, 708 F.2d 465, 466 (9th Cir. 1983) (citations omitted).
13 "The strong state interest in domestic relations matters, the superior competence of
14 state courts in settling family disputes because regulation and supervision of
15 domestic relations within their borders is entrusted to the states, and the possibility
16 of incompatible federal and state court decrees in cases of continuing judicial
17 supervision by the state makes federal abstention in these cases appropriate." *Id*.
18 Further, the domestic relations exception to federal jurisdiction prohibits federal
19 courts from hearing "cases involving the issuance of a divorce, alimony, or child
20 custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689 (1992).

ORDER - 2

The Court thus lacks jurisdiction over Plaintiff's claims. *See, e.g.*, *Pinkston v. Lueck*, 22 F. App'x 782, 783 (9th Cir. 2001) ("Federal district courts do not have jurisdiction over direct challenges to final decisions of state courts, even when the challenge involves federal constitutional issues. Because the claims in the Pinkstons' complaint are inextricably intertwined with Nevada state court child custody proceedings, the district court correctly concluded that it lacked subject matter jurisdiction over the action.") (citations omitted). The Court accordingly exercises its inherent authority to *sua sponte* dismiss Plaintiff's Complaint. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B); *Hearns v. San Bernadino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2007); *see also* 28 U.S.C. § 1915(e)(2)(B). The Court denies leave to amend as any amendment would be futile. *See Lucas v. Cal. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (holding that when a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint).

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Complaint, **ECF No. 1**, is **DISMISSED without prejudice**.

2. Plaintiff's Motion for Preliminary Injunction, **ECF No. 2**, and Motion for Marshal Service, **ECF No. 6**, are **DENIED as moot**.

ORDER - 3

3. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, **enter judgment**, provide a copy to Plaintiff, and **CLOSE THE FILE**.

DATED August 12, 2025.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 4